IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DONALD LEFFINGWELL                                            PLAINTIFF

VS.                                             CIVIL ACTION NO. 4:08cv61-JCS

WILLIE BOOKERT, et al.                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This section 1983 cause is before the court *sua sponte* for consideration of dismissal of the complaint. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned. Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the court concludes that the complaint should be dismissed as frivolous.

Plaintiff, a state inmate, has sued prison health officials concerning an incident in which they allegedly confiscated his legal mail. He also contends that he has filed an administrative grievance about the incident but has received no response.

It is well established that access to the courts is a fundamental constitutional right and that prison officials must ensure that prisoner access to the courts is adequate, meaningful and effective. *Tubwell v. Griffith*, 742 F.2d 250, 252 (5th Cir. 1984). However, to establish a violation of the right, a plaintiff must prove an "actual injury" resulting from the officials' actions. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). This actual injury requirement is not satisfied by just any type of frustrated legal claim; a prisoner's constitutional rights are violated only when his access to the courts is interfered with by prison officials and he is prejudiced by the interference. The majority of the

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Supreme Court in *Lewis* held that In order to show actual injury, a plaintiff must demonstrate he has a nonfrivolous legal claim that was frustrated or was being impeded by prison officials.

The complaint provides no specifics as to any particular legal claim which was allegedly frustrated by the incident of which Plaintiff complains. At the *Spears* hearing, the court questioned Plaintiff about any such specific claims. Plaintiff stated only that the documents were related to his state court criminal proceeding, which was final in approximately 2000, and that he was attempting to send the documents to an attorney because he was trying to have his conviction overturned on the basis of new evidence. He did not provide any further specifics concerning this claim or how or to what extent the confiscation of the documents injured his attempts to assert the claim. Accordingly, the court concludes that Plaintiff has failed to allege any actual injury.

Because this claim lacks an arguable basis in law, the court hereby dismisses it, with prejudice, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). A separate judgment will be entered.

So ordered and adjudged, this the 1st day of July, 2009.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE